MILLER v. DALE.

1. **Trespassing Animals**: DISTRAINT: SALE: NOTICE TO OWNER TO PAY DAMAGES. The township trustees may proceed to sell trespassing animals to pay the damages legally assessed by them, without giving the owner notice of the amount of such damages and demanding payment. He is presumed to take notice of the damages assessed, and to understand his duty to pay them without demand.

*Appeal from Decatur Circuit Court.*

SATURDAY, OCTOBER 8.

ACTION in replevin to recover certain hogs distrained by defendant. There was a judgment for plaintiff, and defendant appeals. The facts are stated in the opinion.

*Marion F. Stookey* and *Bullock & Hoffman*, for appellant.

*E. W. Curry*, for appellee.

SEEVERS, J.—The plaintiff was the owner of certain hogs which were trespassing on the premises of the defendant, who lawfully distrained them, and fully complied with the law in every respect; and so did the township trustees up to the time of the assessment of damages, as provided in section 1454 of the Code, which, or rather as much as is deemed necessary to set out, is as follows: "When two or more trustees have assembled, they shall proceed to view and assess the damages, and the amount to be paid for keeping the stock; and, if the person or persons owning such distrained stock refuse to pay such damages so assessed, the trustees shall post up notices     *     *     * . that said stock *     * .     *     will be sold" at a stated time and place. The trustees posted up such notices, but failed to give the plaintiff notice of the amount of damages assessed by them, and failed to demand of him that he should pay the damages as assessed. We are asked to determine whether such notice or demand was essential or not.

The argument of counsel for the appellant is based on the word "refuse." It is said there cannot be a refusal unless a person at least has notice of that which it is assumed he has refused to perform. It is not claimed that the statute in terms requires such notice or demand, but that such is the only fair inference and construction. In considering this question, we must assume that the plaintiff had been lawfully notified that his hogs had been distrained, and of the time and place the trustees would meet for the purpose of assessing the damages. Having such notice, he, for all purposes connected with the matter in hand, must be presumed to be present. Such being the case, he will also be presumed to have notice of what the trustees did, and, if he failed to comply therewith, it must be presumed he knowingly refused to do so. Besides this, the notice of the sale required to be posted up must be regarded as sufficient notice of what the trustees did, for the reason that none other is required to be given. The property was lawfully in the possession of the law, and the plaintiff was lawfully notified of such fact, and opportunity given him to defend and protect his right thereto, and his interest therein, and the fact that he voluntarily omitted to appear before the trustees is wholly immaterial.

The question we are asked to determine must be answered in the negative, and the judgment of the circuit court

REVERSED.